In the Matter of the Claim of JACK FRIEDMAN et al., Respondents. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.

Third Department, May 31, 1967.

Louis J. Lefkowitz, Attorney-General (Irving Jorrisch, Samuel A. Hirshowitz and Samuel Stern of counsel), for appellant.

Cohn & Glickstein (Samuel H. Cohen and Leonard Leibowitz of counsel), for respondents.

HERLIHY, J. The issue is whether or not the board could allow the claimants to receive benefits for the first week of July when they were paid vacation benefits for that week by the employer.

In Matter of Miranda (Catherwood) (13 A D 2d 571) the court found that under certain circumstances an employee could receive vacation pay and still be eligible for unemployment insurance benefits for the same period under the applicable subdivision 3 of section 591 of the Labor Law. Since that decision, subdivision 3 has been amended and to some extent rewritten.

The applicable language of this statute is as follows: "3. Vacation period or holiday. (a) No benefits shall be payable

to a claimant for any day during a paid vacation period, or for a paid holiday, nor shall any such day be considered a day of total unemployment under section five hundred twenty-two of this article.

(b) The term ' vacation period ', as used in this subdivision, means the time designated for vacation purposes in accordance with the collective bargaining agreement or the employment contract or by the employer and the claimant, his union, or his representative. If either the collective bargaining agreement or the employment contract is silent as to such time, or if there be no collective bargaining agreement or employment contract, then the time so designated in writing and announced to the employees in advance by the employer is to be considered such vacation period.''

The claimants in this case were laid off from work in May of 1963 and were not recalled until July 8, 1963. The union agreement provided among other things that these claimants were to have at least one week's vacation; that the '' first week vacation pay each year shall be paid during the first week in July ''; that the '' workers may work and receive their vacation allowances in cash in addition to their regular pay ''; that an '' employee may request, before the July vacation period, a one week's leave of absence without pay, which shall be granted either one week before or after the vacation, at the option of the Employer ''.

The board found that the union agreement did not designate a vacation period, but merely provided the time for the payment of vacation allowances. A reading of the last clause of the agreement relating to vacations as quoted above in regard to a leave of absence mandates the conclusion that the first week in July was designated as a vacation period.

In *Matter of Miranda (Catherwood)* (13 A D 2d 571, 573, *supra*) decided by this court in 1961, after recognizing that section 591 (subd. 3, par. [d]) permitted a windfall to an employee, with reference to vacation pay the court stated: '' Apparently this legislation, well intended, needs revision, if similar injustices are to be avoided.'' The Legislature by chapter 794 of the Laws of 1963 rewrote section 591 so as to correct the inequities. (See Memoranda of Commerce and Industry Association, 1963 New York State Legislative Annual, p. 373.) To affirm the present decision would be undoing what the Legislature very properly corrected.

We would further note that the argument of the claimants that the notice posted was ineffectual, under the present facts. is without merit.

Decison should be reversed and the matter remitted for further proceedings not inconsistent herewith.

GIBSON, P. J., REYNOLDS, AULISI and GABRIELLI, JJ., concur.

Decision reversed, without costs, and matter remitted for further proceedings not inconsistent with opinion herein.